*680
SUMMARY ORDER

Petitioner Qiu Lin, a native and citizen of the People’s Republic of China, seeks review of the May 2, 2008 order of the BIA affirming the September 13, 2006 decision of Immigration Judge (“IJ”) Javier Balas-quide, denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Qiu Lin, No. A98 350 878 (B.I.A. May 2, 2008), aff'g No. A98 350 878 (Immig. Ct. N.Y. City Sept. 13, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
Where, as here, the BIA adopts the decision of the IJ and supplements the IJ’s decision, this Court reviews the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see, e.g., Dong Gao v. BIA 482 F.3d 122, 126 (2d Cir.2007). We review de novo questions of law and the application of law to undisputed fact. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
As a preliminary matter, because Petitioner did not exhaust his administrative remedies with respect to his asylum and withholding of removal claims, we lack jurisdiction to review the denial of that relief. 8 U.S.C. § 1252(d)(1); Karaj v. Gonzales, 462 F.3d 113, 119 (2d Cir.2006). Likewise, Petitioner failed to exhaust his argument that he is eligible for CAT relief based on his family planning claim; therefore, we decline to review his arguments regarding that claim. See Lin Zhong v. U.S. Dep’t of Justice, 480 F.3d 104, 119-20 (2d Cir.2007). The only argument properly before us is Petitioner’s assertion that the agency erred in failing to grant him CAT relief based on his fear that he will be tortured by Chinese authorities because of his “illegal escape” from China.[2]
A petitioner is not “entitled to CAT protection based solely on the fact that she is part of the large class of persons who have illegally departed China.” Mu Xiang Lin v. U.S. Dep’t of Justice, 432 F.3d 156, 159-60 (2d Cir.2005); see also Mu-Xing Wang v. Ashcroft, 320 F.3d 130, 143-44 (2d Cir.2003). “[W]ere such a showing sufficient to secure relief under the CAT, any asylum-seeker arriving in the United States illegally from China would equally be entitled to such relief. Neither the CAT, nor the domestic regulations implementing that Convention, anticipate or require such a result.” Mu Xiang Lin, 432 F.3d at 160. Although “there is a risk that any individual detainee in China may be subjected to repressive conditions in prison,” such a generalized risk does not alone suffice to demonstrate that a petitioner is more likely than not to be tortured if repatriated to China. Id. Rather, a petitioner must present particularized evidence indicating that he or she would likely be subjected to torture. Id.
Substantial evidence supports the agency’s determination that Petitioner failed to satisfy his burden of proof for CAT relief. Petitioner relies on generalized evidence concerning the treatment of prisoners in China without submitting particularized evidence indicating that he is likely to be tortured. See Mu Xiang Lin, 432 F.3d at 160. The documents Petitioner submitted, like the documents submitted in Mu-Xing Wang and Mu Xiang Lin, “by no means establish that prisoners in [the petitioner’s] circumstances ... are ‘more likely than not’ to be tortured.” Mu-Xing *681 Wang, 320 F.3d at 144 n. 21; see Mu Xiang Lin, 432 F.3d at 160-61 (declining petitioner’s CAT claim because she offered “no particularized evidence to support her claim”).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. Petitioner no longer claims to fear torture at the hands of loan sharks or smugglers, waiving any such argument. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 545 (2d Cir.2005).